**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 04-5005**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM SANFORD GADD,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  David A. Faber, Chief District Judge.  (CR-02-240)

─────────

Submitted:  July 29, 2005          Decided:  August 24, 2005

─────────

Before WILLIAMS and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────

Vacated and remanded in part by unpublished per curiam opinion.

─────────

Ward Morgan, Bluefield, West Virginia, for Appellant. Karen B. George, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William Sanford Gadd appeals his 240-month sentence for two counts of issuing false securities in the name of the United States, in violation of 18 U.S.C. § 514 (2000), and two counts of bankruptcy fraud, in violation of 18 U.S.C. §§ 152, 157 (2000). Finding that the district court's imposition of sentence violated Gadd's Sixth Amendment right to trial by a jury, we vacate the sentence and grant the Government's motion to remand for resentencing.

Gadd first claims on appeal that the district court erred in calculating the loss Gadd intended to inflict on the various victims of his fraudulent schemes. Gadd claims that the district court's reliance on the face value of Gadd's fraudulent demands unreasonably exaggerated the loss because such a financial loss was not economically feasible. We have specifically rejected this claim under similar circumstances. See United States v. Miller, 316 F.3d 495, 499-502 (4th Cir. 2003). Accordingly, this claim is meritless.

Gadd also claims that his sentence violated his Sixth Amendment right to trial by a jury. Because we conclude that the district court's application of the Sentencing Guidelines enhanced Gadd's sentence on the basis of facts he did not admit and that

were not found by a jury beyond a reasonable doubt, we agree.[*]  <u>See</u> <u>United States v. Booker</u>, 125 S. Ct. 738 (2005); <u>United States v. Hughes</u>, 401 F.3d 540 (4th Cir. 2005).  Accordingly, we vacate his sentence and grant the Government's motion to remand for resentencing.

Although the Sentencing Guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination.  <u>See</u> <u>Hughes</u>, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence.  <u>Id.</u>  If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000).  <u>Id.</u>  The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 546-47.

---

[*]Just as we noted in <u>United States v. Hughes</u>, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Gadd's sentencing.  <u>See generally</u> <u>Johnson v. United States</u>, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED IN PART